UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| JOHN QUINNCY MONROE, | ) |
| Plaintiff, | ) Civil Action No. 6: 06-411-DCR |
| V. | ) |
| UNITED STATES OF AMERICA, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

Plaintiff, John Quinncy Monroe ("Monroe") is an inmate confined at the Federal Prison Camp in Manchester, Kentucky. Proceeding *pro se*, he has filed a civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

---

[1] In his complaint, Monroe seeks $75,000 in damages for pain and suffering, asserting claims under both *Bivens* and the FTCA.

-1-

**BACKGROUND**

Monroe alleges that on October 5, 2004, in the early morning he joined a work crew assigned to mow the grass near the prison camp. Monroe alleges that it was foggy and the grass was wet and slippery, making mowing the hills treacherous. He informed his work supervisor of the condition, but was nonetheless told to perform the work. While mowing the grass, Monroe slipped on the wet grass and fell down the hill, dislocating his knee and causing him consequent pain, requiring medical treatment.

The documents submitted by Monroe indicate that he attempted to invoke the prison's administrative remedy process by filing a Form BP-229 on December 12, 2004, but that this grievance was either abandoned by Monroe or improperly processed by prison staff. Monroe filed a second grievance form with the warden on January 3, 2005, which was assigned Remedy ID#363299, seeking compensation and relief. The warden denied the grievance on February 10, 2005. Instead of appealing that denial to the Regional Director, Monroe filed a second Form BP-229 with the warden on February 23, 2005, which was assigned Remedy ID#368213. This grievance was again denied by the warden on March 29, 2005. On April 8, 2005, Monroe filed an appeal from his first remedy request, Remedy ID#363299, by filing a Form BP-230 with the Regional Director. The appeal was properly rejected by the Bureau of Prisons ("BOP") on April 15, 2005, as untimely. Monroe appealed this rejection to the National Office by filing a Form BP-231 on April 28, 2005. However, on June 2, 2005, this appeal was also rejected.

On August 16, 2005, Monroe sought administrative resolution of his claim arising out of the accident under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* ("FTCA"), by filing a form with the BOP. By letter dated August 23, 2005, the BOP rejected his request for administrative

settlement, stating that the "Inmate Accident Compensation Act [18 U.S.C. §4126] . . . is the exclusive remedy for inmates allegedly injured while performing prison job duties." The letter also informed Monroe that he must bring any civil action under the FTCA within six months of that denial.

## DISCUSSION

Monroe's complaint must be dismissed for lack of subject matter jurisdiction. The Inmate Accident Compensation Act, 18 U.S.C. §4126(c)(4), a subsection of the Prison Industries Fund statute, provides for compensation to inmates in the event of an injury suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined. As correctly noted by the BOP in its August 23, 2005 letter, this right to compensation is the exclusive remedy for an inmate so injured, and bars a claim under the FTCA for any damages and equitable relief arising out of any such injury. *United States v. Demko*, 385 U.S. 149, 152 (1966); *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987); *Vander v. United States Dep't. of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (includes claims arising from treatment for work-related injuries under 28 C.F.R. §301.301(b)). Claims under *Bivens* are likewise barred. *Alvarez v. Gonzales*, 2005 WL 3008788, *1 (10th Cir. 2005) (unpublished disposition); *Scott v. Reno*, 902 F.Supp. 1190, 1193-94 (C.D.Cal. 1995).

Even if Monroe could assert claims under *Bivens* and the FTCA, both would be barred by the applicable statute of limitations. Under the law of the Sixth Circuit, Monroe is required to bring his *Bivens* claim arising in Kentucky no later than one year after the event giving rise to the claim, with appropriate tolling for exhaustion of administrative remedies. KRS 413.140(1)(a); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of*

*Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). The BOP finally rejected Monroe's grievance on June 2, 2005. Therefore, because Monroe did not file the present suit until September 8, 2006, it is time-barred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). The FTCA requires a claimant to file a suit under the FTCA within six months after the claim is denied for administrative settlement. 28 U.S.C. §2401(b); *Blakely v. United States*, 276 F.3d 853, 856 (6th Cir. 2002) (FTCA plaintiff must file suit within six months after the agency mails the notice of final denial of the claim). The BOP rejected Monroe's claim for administrative settlement by letter dated August 23, 2005. Because Monroe did not bring suit on his FTCA claim on or before February 23, 2006, this claim is also time-barred.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED**, with prejudice.

(2)     Plaintiff's Motion for Demand for Jury Trial [Record No. 3] and Motion for Order [Record No. 5] are **DENIED** as moot.

(3)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4)     A separate Judgment shall be entered consistent with this Memorandum Opinion and Order in favor of the Respondent.

This 20th day of October, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge